**Mauricio LOPEZ–ANGELES, aka Mauricio Lopez, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 15–70000.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Decided Nov. 24, 2015.

Mauricio Lopez–Angeles, pro se.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Brooke Maurer, Trial, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Mauricio Lopez–Angeles, a native and citizen of Mexico, petitions pro se for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1066, 1070 (9th Cir.2008), and we deny the petition for review.

Substantial evidence supports the BIA's finding that Lopez–Angeles did not establish past persecution or that it is more likely than not he will be persecuted in Mexico on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir.2009) ("to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir.2004) (random criminal acts bore no nexus to a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir.2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Lopez–Angeles' withholding of removal claim fails. *See Zetino*, 622 F.3d at 1016.

Substantial evidence also supports the BIA's denial of Lopez–Angeles' CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.